THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK

v.

THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY.

1. Where the charter of a railroad gives the corporation the right to cross highways, but makes it the duty of the corporation to construct and keep in repair good and sufficient bridges or passages over or under the railroad, so that travel over the highway shall not be impeded, an obligation is thereby imposed which requires the corporation to keep the highway, where it is crossed by the railroad, at all times and under all circumstances, in a condition fit for safe and convenient use.

2. Nothing short of legislative authority can deprive the public of their right in a highway, and no legislation will be understood to take away public rights unless such purpose be plainly expressed.

3. The mayor and common council of the city of Newark, being charged with the duty of keeping the streets of the city in a condition fit for safe and convenient use, are the proper persons to file a bill to prevent either the obstruction or destruction of a street.

On application for an injunction, heard on bill and affidavits.

Mr. Joseph Coult and Mr. John R. Emery, for complainants.

Mr. Joseph D. Bedle, for defendants.

VAN FLEET, V. C.

This is an application for an injunction. The special ground on which the court is asked to exercise its prohibitory power is that if the defendants are allowed to use four railroad tracks, which they have recently laid across Spring street, in the city of Newark, for the purposes for which they were laid, Spring street, at the point in question, will be destroyed as a public highway, the contention being that the street, in consequence of the large number of railroad tracks now at that point, will, for the

Newark *v.* Delaware, Lackawanna and Western R. R. Co.

purposes of ordinary travel, be rendered so extremely dangerous that no prudent person will incur the risk of using it.

Before the last four tracks were laid, the defendants had already five others at that point, which were in daily use. They now have nine. The whole nine lie within a space of less than one hundred and fifty-seven feet. The gaps between them extend from six feet to thirty-nine feet. So many crossings within so small a space will, if frequently used for the passage of trains, render the place one of extreme peril. The danger will unquestionably be greater than if a single track was placed longitudinally over the street. In that case, a person using the street for the purposes of ordinary travel would need to guard himself against but a single danger, but with nine tracks there, running transversely, his peril will be multiplied almost nine times. It is settled that the defendants have no right to lay a single track longitudinally over a public street in the city of Newark without the consent of the proper public authority. *Morris and Essex R. R. Co.* v. *Newark, 2 Stock. 352.* The reason that they will not be permitted to make such use of a street is that such use would destroy it as a public highway. A highway, to answer the purposes for which it is created, must be free, safe and convenient. It is obvious that a street may be more effectually destroyed, in its most essential attributes, by running several tracks transversely over it than by occupying a part of it by tracks running longitudinally.

The charter of the defendants gives them the right to cross public highways, but this right is coupled with a duty. Their charter makes it their duty to construct, and keep in repair, good and sufficient bridges or passages, over or under their railroad, where any public road crosses their railroad, so that the passage of carriages, horses and cattle, on such public road, shall not be impeded thereby. The obligation imposed by this provision makes it the duty of the defendants—and the supreme court has so decided—" to keep, at all times and under all circumstances, the public highways, where they cross their railroad, in a condition fit for safe and convenient use." And to this end the defendants have power, if the public emergencies so require, to

alter the grade of a public highway so as to pass it under their railroad.  *Central R. R. Co. of New Jersey ads. State, 3 Vr. 220.* The defendants have a right to lay tracks across public streets, where necessary, subject, however, to such reasonable regulations as the municipality having control of the streets may see fit to prescribe; but this power must always, and under every condition of circumstances, be exercised in subordination to the rights of the public, and in such manner as shall not destroy the street. In my judgment, neither the act of 1867 nor that of 1879 relieves the defendants, in the slightest degree, from the duty just mentioned. In the language of Chief-Justice Whelpley: "Public highways ought not to be destroyed, even in part, under pretence of legislative authority, unless it be conferred either in express words or by necessary implication. If the words are ambiguous, the construction ought to be in favor of the common right of highway, and not against it." *Warren R. R. Co. ads. State, 5 Dutch. 353.* The act of 1867 (*P. L. p. 145*) gives the defendants authority to straighten their road and reduce its grade, and, as incidental to such grant of power, they are authorized to lay additional tracks and sidings; but the act expressly declares that they shall exercise such additional power subject to the duties imposed by their charter. The act of 1879 (*P. L. p. 236*) confers authority upon any railroad corporation authorized to exercise its franchises in this state, and which may own or possess lands lying on the opposite sides of a public highway and fronting on such highway, to construct tracks across such highway; but it is expressly declared that the power thus conferred shall not be construed so as to give any railroad corporation power to prevent the use of such highway for the purposes of ordinary travel, nor to unnecessarily impede the use thereof for that purpose. By neither act are the defendants relieved from the duty which their charter imposes, namely, to keep the public highways, where they cross their railroad, in a condition fit for safe and convenient use by the public.

The use which the defendants intend to make of that part of Spring street where the four additional tracks have been laid will, in my judgment, result in making travel at that point, to

those who may desire to use the street for the ordinary purposes of a public highway, so extremely dangerous as to effectually destroy the street as a public highway. Such use cannot be permitted.

There can be no doubt about the right of the complainants to file this bill. *Newark and New York R. R. Co.* v. *Newark, 8 C. E. Gr. 515.* By the charter of the city of Newark, the complainants are given the control and supervision of the streets within the city limits, and they are also charged with the duty to keep and maintain them in a condition so that they are constantly fit for safe, free and convenient use by the public. The neglect of this duty is a crime for which they may be indicted and punished. *Morris and Essex R. R. Co.* v. *Newark, supra.*

An injunction will be granted prohibiting the defendants from making any use of the four additional tracks recently laid across Spring street, which will render the street, at that point, unfit for safe and convenient use by the public.